MARK FOSS, Appellant, v AMERICAN TELEPHONE AND TELEGRAPH COMPANY et al., Respondents. [605 NYS2d 143] — Yesawich Jr., J. Appeal from an order of the Supreme Court (Brown, J.), entered April 27, 1992 in Saratoga County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff, an account executive who was employed until 1988 by defendant American Telephone & Telegraph Company (hereinafter AT&T), brought this suit to recover commissions that AT&T assertedly owes him, under the terms of an oral employment agreement incorporating a written incentive compensation plan. He maintains that as a result of his role in effecting the installation of a major telecommunication network in 1987, he was entitled, according to the terms of AT&T's 1987 compensation plan, to a commission of $140,628.62. Over plaintiff's objections, senior management officials limited plaintiff's commission to $100,000, distributing the remainder to others who had worked on the project, including plaintiff's immediate superior, defendant E. Thomas Bettcher. Plaintiff resigned, and thereafter brought this action to recover the remainder of the commission, alleging breach of contract, tortious interference with contractual relations, and conspiracy; alternatively, recovery is sought on quantum me-

ruit and contract theories. Defendants moved for summary judgment, and Supreme Court granted their motion, dismissing the complaint in its entirety. Plaintiff appeals.

Key to determination of the issues presented is a disclaimer, contained in the compensation plan upon which plaintiff relies. The disclaimer explicitly reserves to AT&T the right to "reduce, modify, or withhold compensation or noncash awards based on * * * management determination of special circumstances at any time for any reason with or without prior notice". In view of this clause, plaintiff cannot claim that the agreement itself, which also specifically stated that it was not intended to create any contractual rights at all, conferred upon him any right to receive the amount of commissions he seeks. To the extent plaintiff contends that his right to receive the entire $140,628.62 arises from an oral employment agreement, allegedly containing a promise that plaintiff would be paid a base salary—as he was—"plus incentive compensation payments * * * determined according to the applicable compensation system in place at the time", AT&T's unmistakably retained right to reduce or withhold commission payments, which was as much a part of that system as the specific provisions for calculating incentive commissions, is fatal to this claim as well. As for plaintiff's averment that Bettcher promised that plaintiff would receive this particular commission in its entirety, this merely represents an improper attempt to introduce parol evidence to modify or negate the unambiguous written disclaimer (see, Namad v Salomon, Inc., 74 NY2d 751, 753).

Because plaintiff was operating under an express contract, albeit one which contained a provision allowing for the modification or withholding of incentive commissions, those causes of action sounding in quantum meruit and quasi contract must also fail (see, Clark-Fitzpatrick, Inc. v Long Is. R. R. Co., 70 NY2d 382, 388; Panetta v Tonetti, 182 AD2d 977, 978, lv denied 80 NY2d 756). Finally, because the compensation agreement, standing alone, was not a contract, and the alleged oral employment agreement, which, by plaintiff's admission incorporated the terms of the compensation agreement, did not require that plaintiff be paid any amount of incentive commission over and above his base salary, there was no breach from which plaintiff's claim of tortious interference could arise (see, Inselman & Co. v FNB Fin. Co., 41 NY2d 1078, 1080).

Weiss, P. J., Mikoll, Crew III and Cardona, JJ., concur. Ordered that the order is affirmed, without costs.