■ NORMA ROBBINS, Appellant, v K-MART CORPORATION et al., Respondents. [669 NYS2d 774] —Mikoll, J. P. Appeal from an order of the Supreme Court (Williams, J.), entered May 8, 1997 in Saratoga County, which granted defendants' motions for summary judgment dismissing the complaint.

Plaintiff fell while in a parking lot owned by defendant Gordon Development and suffered a fracture of her left hip. Plaintiff commenced a lawsuit in negligence against Gordon and defendant K-Mart Corporation, which operated a business on the premises. Plaintiff alleged that defendants were negligent in maintaining the parking lot in an unreasonable condition by allowing cracks and holes to exist which caused plaintiff to slip and fall.

After plaintiff testified at a deposition, Gordon moved for summary judgment of dismissal under CPLR 3212. Subsequently, K-Mart cross-moved for the same relief. Supreme Court denied both motions without prejudice to renewal upon completion of discovery. Counsel for Gordon requested that

plaintiff's attorney schedule discovery within the next 60 to 90 days or he would assume that plaintiff was waiving discovery. Failing receipt of a response, Gordon renewed its motion for summary judgment as did K-Mart. Subsequently, Supreme Court granted summary judgment in favor of defendants and dismissed the complaint.

We reject plaintiff's contention that Supreme Court was precluded from granting the renewed summary judgment motion in that no change in condition of the case existed and it was unreasonable to grant summary judgment considering that a mere three months had passed from the first such motion. Though a prior summary judgment motion may become the law of the case and multiple summary judgment motions are disfavored, Supreme Court may nonetheless grant summary judgment where warranted by the facts (*see, Schriptek Mktg. v Columbus McKinnon Corp.*, 187 AD2d 800, *lv denied* 81 NY2d 704).

We hold that it was not unreasonable for Supreme Court to conclude under the instant circumstances that plaintiff had either completed discovery or that no new information was available to support her claim. Supreme Court properly held that plaintiff failed to show that her injury was caused by the negligence of either defendant. Plaintiff's own deposition failed to set forth sufficient facts to demonstrate that any defect in the pavement caused her fall. Her testimony indicated that she was unsure what caused her to fall after she turned but had not yet proceeded to walk. Her subsequent affidavit wherein she alleged that she fell due to unevenness of the pavement did not sufficiently contradict or overcome her deposition testimony.

Crew III, White, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.