(April 27, 2000)

■ NANCY L. SLOTNICK, Appellant, v RBL AGENCY LTD., Respondent. [706 NYS2d 431] —Order of the Appellate Term of the Supreme Court, First Department, entered May 6, 1998, modifying the judgment of the Civil Court, New York County (Judith Gische, J.), entered August 26, 1996, awarding plaintiff, after a nonjury trial, the principal sums of $11,602.29 in unpaid wages, $26,096.43 in attorney's fees and $2,900.57 in liquidated damages, by vacating the awards of attorney's fees and liquidated damages, and reducing the amount of the judgment accordingly, unanimously affirmed, without costs.

Plaintiff sued RBL for unpaid commissions and alleged two causes of action against her former employer, one for a breach of contract and the other for both attorney's fees and liquidated damages pursuant to Labor Law § 198 (1-a). The latter "cause of action" actually provides only a damage remedy for substantive violations of article 6 of the Labor Law and depends upon pleading and proof of such substantive violation (Gottlieb v Laub & Co., 82 NY2d 457, 464-465). Plaintiff did not plead sufficient facts upon which a substantive violation of

the Labor Law could be found to have occurred and did not move to conform the pleadings to the proof. To retrospectively support the award of attorney's fees and liquidated damages on appeal by interjecting a cause of action based upon Labor Law § 191 (1) (c) would be to abandon that most basic pleading requirement, namely that the opposing party should be afforded notice of the material elements of each cause of action (CPLR 3013). Although plaintiff alleged that payment was on "a commission basis according to an agreed upon formula" and gave two payment due dates from which statutory interest was due, plaintiff neither identified when periodic payments had been agreed to be paid, i.e., weekly, monthly or at less frequent intervals, nor connected defendant's failure to pay with the statutory deadlines of Labor Law § 191 (1) (c). Plaintiff did not allege facts sufficient to support a substantive cause of action under article 6 of the Labor Law. Therefore, we need not reach the amount of any attorney's fee or the appropriateness of liquidated damages since, as Appellate Term correctly decided, the judgment should not have included those damages. Concur—Sullivan, P. J., Tom, Mazzarelli, Wallach and Buckley, JJ.