■ STATE INSURANCE FUND, Plaintiff, v RICHARD ANDERSON TRUCKING, INC., Defendant and Third-Party Plaintiff-Respondent. HAYLOR, FREYER & COON, INC., Third-Party Defendant-Appellant. [722 NYS2d 816] —Mugglin, J. Appeal from an order of the Supreme Court (Castellino, J.), entered January 19, 2000 in Schuyler County, which partially denied third-party defendant's motion for summary judgment dismissing the third-party complaint.

In 1988 and 1989, Richard Anderson and his wife, Rae Anderson, were conducting their trucking business as a proprietorship. Because they planned to add employees, they contacted third-party defendant, Haylor, Freyer & Coon, Inc., to obtain workers' compensation insurance. At that time, the only underwriter in the State from which the insurance could be obtained was plaintiff and Haylor obtained the requested policy. In 1990, the Andersons incorporated forming defendant and, on request, Haylor so notified plaintiff. Despite notification and the fact that incorporation caused a significant increase in the workers' compensation premiums payable, it was not until 1995 that plaintiff realized it had undercharged defendant and demanded payment. When defendant refused to pay, plaintiff canceled the policy and instituted this action to recover unpaid premiums. Defendant's third-party complaint alleges two causes of action against Haylor, one in negligence and the other for indemnification or contribution. Supreme Court dismissed the indemnification/contribution cause of action and Haylor appeals that portion of Supreme Court's order which denied its motion for summary judgment dismissing the negligence cause of action.

Supreme Court, relying on *Kimmell v Schaefer* (89 NY2d 257), found that Haylor's relationship to defendant "in this specialized area of insurance gave rise to a special duty to speak regarding rate structure." Supreme Court further found that *Murphy v Kuhn* (90 NY2d 266) was inapplicable to the instant case as it involved merely a claim of failure to obtain additional coverage. While we agree with Supreme Court that these cases have precedential value, we disagree with Supreme Court's analysis of them as applied to this case.

It is axiomatic that to recover for allegedly negligent conduct, a duty of reasonable care must be owed and breached (*see, e.g.,*

*Pulka v Edelman*, 40 NY2d 781, 782; *Palsgraf v Long Is. R. R. Co.*, 248 NY 339, 342). In *Murphy v Kuhn (supra)*, the Court of Appeals reviewed the principles enunciated in *Kimmell v Schaefer (supra)* and then stated that "[i]t is important to note that *Kimmell* is significantly distinguishable from the instant case, which involves an insurance agent-insured relationship and an alleged failure to speak. We therefore allude to *Kimmell* for its general relevance and disclaim any implication of a direct, precedential applicability in the insurance relationships context" (*Murphy v Kuhn, supra*, at 271).

Therefore, as *Kimmell* has no *direct* precedential value in the insurance agent-customer context, the record must be examined to determine if in fact a special relationship existed which gave rise to a specialized duty to speak. This record contains no evidence of a special relationship of trust or confidence which existed between defendant and Haylor. Notably, defendant incorporated upon the advice of his attorney and tax consultant without making any inquiry of the impact of such from Haylor. Further, even if a special relationship were found to exist, this Court has not applied that theory to the insurance agent-customer commercial setting (*see, Ambrosino v Exchange Ins. Co.*, 265 AD2d 627, 627-628), instead acknowledging the rule that "an insurance agent's duty to its customer is generally defined by the nature of the customer's request for coverage" (*M & E Mfg. Co. v Frank H. Reis, Inc.*, 258 AD2d 9, 11). "Insurance agents or brokers are not personal financial counselors and risk managers, approaching guarantor status * * *. Insureds are in a better position to know their personal assets and abilities to protect themselves more so than general insurance agents or brokers, unless the latter are informed and asked to advise and act" (*Murphy v Kuhn, supra*, at 273 [citations omitted]).

Cardona, P. J., Crew III, Peters and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as partially denied third-party defendant's motion for summary judgment; said motion granted in its entirety, summary judgment awarded to third-party defendant and third-party complaint dismissed; and, as so modified, affirmed.