◼ W. Joseph McPhillips, Inc., Plaintiff, v Frank P. Ellis, Appellant, et al., Defendant. Neil McPhillips et al., Respondents. [778 NYS2d 541]—

Rose, J. Appeal from an order of the Supreme Court (Aulisi,

J.), entered June 25, 2003 in Warren County, which granted a motion by Neil McPhillips and Paul R. McPhillips for summary judgment dismissing a claim brought against them by defendant Frank P. Ellis.

Plaintiff, an insurance agency whose officers are Neil Mc-Phillips and Paul R. McPhillips (hereinafter collectively referred to as the officers), brought this action seeking unpaid premiums on certain insurance policies covering commercial property operated by defendants Frank P. Ellis and Josef Roettig. In July 1994, an explosion and fire destroyed much of the premises. When the amount of insurance proved inadequate to cover the loss, Ellis, as the sole owner of the business, asserted breach of contract and negligence counterclaims against plaintiff and the officers based upon their failure to obtain additional insurance coverage. The officers then moved for summary judgment dismissing the counterclaims. Finding questions of fact as to whether they had participated in the alleged breach of contract and negligence, Supreme Court denied the motion. We modified Supreme Court's order by dismissing the contractual claim, but affirmed as to the negligence claim (278 AD2d 682 [2000]).

Following discovery, the officers again moved for summary judgment, but this time they argued that they had no special relationship with defendants sufficient to create a duty to obtain insurance coverage in excess of the amount requested. Finding no special relationship between defendants and the officers that would give rise to a duty beyond that imposed by the common law, Supreme Court granted the motion and dismissed the negligence claim. Ellis appeals.

Initially, we find no merit in Ellis' procedural contention that Supreme Court erred by entertaining a second motion for summary judgment. Supreme Court has discretion to consider a subsequent summary judgment motion, particularly where, as here, the second motion is made following discovery and the ground for relief is different (see *Varsity Tr. v Board of Educ. of City of N.Y.*, 300 AD2d 38, 39 [2002]; *Baker v Vanderbilt Co.*, 260 AD2d 750, 751-752 [1999]; *Robbins v K-Mart Corp.*, 248 AD2d 867, 868 [1998]).

Turning to the merits, Supreme Court correctly concluded that there was no special relationship between these parties that would impose a duty to maintain an adequate amount of insurance coverage and thereby support Ellis' negligence claim. Although the Court of Appeals has acknowledged that exceptional situations could arise, we have yet to find such a duty arising from the relationship between an insured and an insurance agent, and there is nothing exceptional about the relation-

ship here (*see Murphy v Kuhn*, 90 NY2d 266, 270-271 [1997]; *Kimmell v Schaefer*, 89 NY2d 257, 263-264 [1996]; *Curanovic v New York Cent. Mut. Fire Ins. Co.*, 307 AD2d 435, 438 [2003]; *State Ins. Fund v Anderson Trucking*, 281 AD2d 838, 839 [2001], *lv denied* 97 NY2d 606 [2001]; *Ambrosino v Exchange Ins. Co.*, 265 AD2d 627, 627-628 [1999]; *M & E Mfg. Co. v Frank H. Reis, Inc.*, 258 AD2d 9, 11 [1999]).

As evidence of a special relationship, Ellis offers a statement in Roettig's sworn answers to interrogatories that when Roettig inquired about the adequacy of the existing coverage, Neil McPhillips responded that it was in all respects adequate. This was hardly a request for additional coverage, however, and the casual response, given informally, could not elevate an ordinary commercial relationship to one that would impose a duty to determine value and ensure full coverage (*see M & E Mfg. Co. v Frank H. Reis, Inc., supra* at 12). Nor can there be any claim of reliance because, in the same conversation with Neil McPhillips, Roettig directed a change in the amount of coverage based on his own assessment of the value of the assets of the business. "Insurance agents or brokers are not personal financial counselors and risk managers, approaching guarantor status. Insureds are in a better position to know their personal assets and abilities to protect themselves more so than general insurance agents or brokers, unless the latter are informed and asked to advise and act" (*Murphy v Kuhn, supra* at 273 [citations omitted]). Thus, Supreme Court properly granted summary judgment.

Peters, J.P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.