POZAMENT CORPORATION, Respondent, v AES WESTOVER, LLC, Appellant. [812 NYS2d 154]—

Rose, J. Appeal from an order of the Supreme Court (Lebous, J.), entered January 26, 2005 in Broome County, which, inter alia, denied defendant's motion for summary judgment dismissing the complaint.

This action concerns the interpretation of a written agreement governing plaintiff's right to make use of defendant's coal fly ash, a waste byproduct produced by defendant's coal-burning power plant. Plaintiff alleges that defendant breached the agreement by ultimately preventing plaintiff from taking the fly ash. After denying defendant's prior two motions for summary judgment due to omissions in the moving papers (*see* CPLR 3212

[b]), Supreme Court entertained a third motion, but denied it because the court found questions of fact as to the agreement's meaning. Defendant appeals and we affirm.

Initially, we reject plaintiff's procedural argument that Supreme Court erred by entertaining a third motion for summary judgment. Since the prior motions were not considered on their merits and the third turns upon an issue not previously decided, Supreme Court acted well within its broad discretion (*see Matter of Mega Personal Lines, Inc. v Halton,* 9 AD3d 553, 554-555 [2004]; *W. Joseph McPhillips, Inc. v Ellis,* 8 AD3d 782, 783 [2004]).

Nor are we persuaded by defendant's claim that, because it is obligated to furnish fly ash but plaintiff is not required to take it, the parties' agreement is void for lack of consideration. Inasmuch as paragraph 5 of the agreement states that plaintiff "makes no guarantee as to the quantity of coal ash which shall be utilized from [defendant's plant]," the agreement could be read to be unenforceable for lack of mutuality of obligation. This is not, however, the preferred interpretation where, as here, the agreement otherwise reflects the parties' intent to be bound (*see e.g. Wood v Duff-Gordon,* 222 NY 88, 90-91 [1917]; *Blandford Land Clearing Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa.,* 260 AD2d 86, 94 [1999]). In any event, plaintiff's partial performance by removal of fly ash in October and November 2000, before it was stopped by defendant, supplied the requisite consideration (*see Grossman v Schenker,* 206 NY 466, 468 [1912]; *Ferguson v Ferguson,* 97 AD2d 891, 892 [1983]; *Brookwood Parks v Jackson,* 261 App Div 410, 414 [1941]).

We next consider whether paragraph 4 of the parties' agreement is ambiguous and raises a question of fact as to the exclusivity of plaintiff's right to defendant's fly ash. A contract is ambiguous if the language used lacks a definite and precise meaning, and there is a reasonable basis for a difference of opinion (*see Greenfield v Philles Records,* 98 NY2d 562, 569-570 [2002]). If a court finds an ambiguity in a contract's terms, it then should be resolved by the trier of fact (*see CV Holdings, LLC v Artisan Advisors, LLC,* 9 AD3d 654, 657 [2004]; *F & K Supply v Willowbrook Dev. Co.,* 288 AD2d 713, 714 [2001]; *Ruthman, Mercadante & Hadjis v Nardiello,* 260 AD2d 904, 906-907 [1999]).

In pertinent part, paragraph 4 states, "[Defendant] hereby grants [plaintiff] the sole and exclusive right to all coal fly ash which is produced by or stored at [defendant's plant] for utilization in flowable fill with any and all such customers, or in ce-

ment manufacture with any and all such customers, or in coal mine reclamation" with two specific customers. We agree with Supreme Court that this language is susceptible to more than one interpretation. First, it could mean that plaintiff had an exclusive right and obligation to take all of defendant's fly ash which was suitable for the uses specified, with defendant yielding the right to dispose of suitable ash by any other means. This reading, which is proposed by plaintiff, finds support in paragraph 3, providing that the "fly ash furnished by [defendant] shall be utilized by [plaintiff]," and the opposing affidavit of plaintiff's vice president, Leo Palmateer, who lays claim to all suitable fly ash. Second, the exclusivity language could mean that defendant gave up only the right to dispose of its fly ash in plaintiff's protected flowable fill, cement manufacture or coal mine reclamation markets. Under this reading, which is advocated by defendant, it would retain the right to dispose of some or all of its fly ash for other uses. The letters from Palmateer in December 1999 and May 2000 reflect that plaintiff was negotiating for exclusivity in the marketing of the fly ash for some, but not all, uses. In view of this ambiguity and the conflicting inferences from the extrinsic evidence, Supreme Court correctly denied defendant's motion for summary judgment (see Lower v Village of Watkins Glen, 17 AD3d 829, 831 [2005]).

Finally, given Supreme Court's broad discretion in regulating discovery (see e.g. Cavanaugh v Russell Sage Coll., 4 AD3d 660, 660 [2004]), we find no error in its decision to deny defendant's motion for preclusion and grant plaintiff's cross motion to compel discovery.

Crew III, J.P., Peters, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, with costs.