■ MILES A. KLETTER, D.M.D. & ANDREW S. LEVINE, D.D.S., P.C., Respondent, v DANIEL FLEMING, Appellant. [820 NYS2d 348]—

Rose, J. Appeal from an order of the Supreme Court (Nolan, Jr., J.), entered May 13, 2005 in Saratoga County, which, inter alia, granted plaintiff's motion to dismiss defendant's counterclaim alleging a violation of the Labor Law.

Defendant, a dentist, worked for plaintiff pursuant to a written contract that specified his compensation. After the parties terminated their relationship, plaintiff commenced this action against defendant alleging certain breaches of the contract. Defendant, in turn, asserted four counterclaims alleging, as is relevant here, nonpayment of the agreed-upon compensation and violation of Labor Law article 6. Supreme Court granted defendant's motion for partial summary judgment by dismissing the complaint and partially granted plaintiff's cross motion by dismissing defendant's first counterclaim. More than two years later, after completion of discovery and on the eve of trial, plaintiff moved in limine to preclude defendant from offering proof in support of his fourth counterclaim for violation of the

Labor Law. Finding that Labor Law article 6 was inapplicable, Supreme Court granted plaintiff's motion and also precluded defendant from presenting proof of his claim to payment for the corrective work that he had performed. Defendant now appeals.

Initially, we reject defendant's procedural argument that Supreme Court erred in entertaining plaintiff's motion for preclusion. Even if we were to view it as a second request for summary judgment, Supreme Court did not abuse its discretion in considering it because it was made within the time limits of CPLR 3212 (a) and it turned upon a legal issue not previously decided (*see Matter of Mega Personal Lines, Inc. v Halton*, 9 AD3d 553, 554-555 [2004]; *W. Joseph McPhillips, Inc. v Ellis*, 8 AD3d 782, 783 [2004]). Under the circumstances, consideration of the second motion was the preferable use of judicial resources and properly limited the issues to be resolved at trial (*see Rose v Horton Med. Ctr.*, 29 AD3d 977, 978 [2006]).

Nor are we persuaded that Supreme Court erred in finding Labor Law article 6 to be inapplicable. The statutory remedies are unavailable where, as here, the claim for unpaid work is "a common-law contractual remuneration claim" and no substantive violation of article 6 is alleged (*Gottlieb v Kenneth D. Laub & Co.*, 82 NY2d 457, 465 [1993]). Defendant's fourth counterclaim cites only Labor Law § 190, which contains only definitions, and in opposing plaintiff's first motion seeking dismissal of this claim, he asserted only that plaintiff had not paid all the money owed under the parties' contract. Although an affirmation by defendant's counsel submitted in response to the preclusion motion cites Labor Law § 191 (3) and § 193 for the first time, we note that section 191 (3) is not applicable because defendant, as a professional earning in excess of $600 per week, does not fall within any of the categories of workers listed in section 191. Nor does defendant allege any specific deduction in violation of section 193 (*see Slotnick v RBL Agency*, 271 AD2d 365, 366 [2000]). While his supplemental bill of particulars asserts that plaintiff withheld some of defendant's pay to compensate other dentists for the correction of his work, this assertion merely amplifies his breach of contract claim that plaintiff improperly calculated the net amount upon which his percentage fees were based. This dispute as to the calculation of the net amount does not reflect a deduction from wages within the meaning of Labor Law § 193 and, thus, the additional remedies provided by Labor Law article 6 are not available here.

We likewise find no merit in defendant's argument that Supreme Court improperly precluded him from offering proof of his claim to payment for the corrective work that he performed

on the patients of other dentists. The parties' contract unambiguously specifies that defendant shall be paid "33% of all net fees collected" for his services and he conceded in his deposition that plaintiff collects no fees for his corrective work. Thus, as Supreme Court found, the contract makes no provision for the claimed payments. Defendant's allegation that plaintiff nonetheless agreed to pay him for such work constitutes extrinsic evidence of an additional payment term that is barred by the parol evidence rule (see Stone v Schulz, 231 AD2d 707, 707 [1996]; Payne v Enable Software, 229 AD2d 880, 882 [1996]; Foss v American Tel. & Tel. Co., 199 AD2d 668, 669 [1993]). Finally, Supreme Court's denial of defendant's cross motion to compel production of plaintiff's records concerning such corrective work was proper.

Crew III, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.