■ EFFRENY MARTINEZ et al., Appellants, v ALUBON, LTD., et al., Respondents. [978 NYS2d 119]—

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered October 2, 2012, which granted defendants' motion to

dismiss the complaint, unanimously reversed, on the law, with costs, and the motion denied.

Plaintiffs allege that one of defendants' supervisors, who was responsible for assigning plaintiffs work, demanded kickbacks from plaintiffs in exchange for assigning them to a high-paying federally funded project at Pace University (the Pace Project). Plaintiffs refused to pay the kickbacks. They reported the demands to defendant Boneh, who they allege was defendant Alubon's chief executive officer and responsible for all its business decisions. Boneh said he would look into the matter, but, instead, because of their complaints, he directed or authorized that plaintiffs be terminated.

Taking these well pleaded allegations as true and granting plaintiffs the benefit of every favorable inference (*see Samiento v World Yacht Inc.*, 10 NY3d 70, 79 [2008]), we find that plaintiffs have stated a cause of action under Labor Law § 198-b, the anti-kickback statute (*see Chu Chung v New Silver Palace Rests., Inc.*, 272 F Supp 2d 314, 317 [SD NY 2003]). They have stated a cause of action under Labor Law § 193, which prohibits employers from making deductions from employees' wages, except as authorized by the statute (*see Matter of Angello v Labor Ready, Inc.*, 7 NY3d 579, 585-586 [2006]). The protections of section 193 extend not only to completed deductions, but also to "attempted wage deductions" that would violate the statute if consummated (*see Cohen v Stephen Wise Free Synagogue*, 1996 WL 159096, *3-4, 1996 US Dist LEXIS 4240, *11-13 [SD NY, Apr. 4, 1996, No. 95 Civ 1659 (PKL)]; *Nowicki v Toll Bros., Inc.*, 2012 WL 14258, *2, 2012 US Dist LEXIS 887, *5-6 [ED NY, Jan. 4, 2012, No. 10-CV-4877 (CBA) (JO)]).

Plaintiffs have stated a cause of action for retaliation under Labor Law § 215 (*see Higueros v New York State Catholic Health Plan, Inc.*, 526 F Supp 2d 342, 347 [ED NY 2007]).

Plaintiffs' allegations support holding their employer vicariously liable for the supervisor's alleged malfeasance (*see Amendolare v Schenkers Intl. Forwarders, Inc.*, 747 F Supp 162, 171 [ED NY 1990]). Their allegations support holding Boneh personally liable for the Labor Law violations as an "employer" (*see Bonito v Avalon Partners, Inc.*, 106 AD3d 625 [1st Dept 2013]).

Having alleged substantive violations of Labor Law §§ 193, 198-b and 215, plaintiffs have stated a basis for recovery of damages under Labor Law § 198 (*see Slotnick v RBL Agency*, 271 AD2d 365 [1st Dept 2000]). Concur—Tom, J.P., Mazzarelli, Freedman, Richter and Feinman, JJ.