Goldberg v. Jacquet

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of June, two thousand sixteen.

PRESENT: DENNIS JACOBS,
         GUIDO CALABRESI,
         REENA RAGGI,
                       **Circuit Judges**.

- - - - - - - - - - - - - - - - - - - -X

**MARC GOLDBERG,**

      **Plaintiff-Appellant,**

      **-v.-**                  **15-3104**

**ERNEST K. JACQUET,**

      **Defendant-Appellee.**

- - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| **FOR APPELLANT:** | ARIEL Y. GRAFF, The Ottinger Firm, P.C., New York, New York. |
| **FOR APPELLEE:** | HARLAN M. LAZARUS, Lazarus & Lazarus, P.C., New York, New York. |

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Crotty, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiff Marc Goldberg appeals from the judgment of the United States District Court for the Southern District of New York (Crotty, J.), granting summary judgment in favor of defendant Ernest K. Jacquet.  The plaintiff argues that the district court erred by ruling that his claims are outside the scope of New York Labor Law ("NYLL") §§ 193 and 198-b.  We review a grant of summary judgment de novo.  See Delaney v. Bank of Am. Corp., 766 F.3d 163, 167 (2d Cir. 2014).  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

1.  Under NYLL § 193(1)(b), "[n]o employer shall make any deduction from the wages of an employee, except deductions which . . . are expressly authorized in writing by the employee and are for the benefit of the employee."  In order to state a claim for a violation of NYLL § 193, a plaintiff must allege a specific deduction from wages and not merely a failure to pay wages.  See Kletter v. Fleming, 32 A.D.3d 566, 567 (N.Y. App. Div. 3d Dep't 2006).

A "'deduction' is more targeted and direct than the wholesale withholding" of wages and "New York courts recognize that the purpose of section 193 is to 'place the risk of loss for such things as damaged or spoiled merchandise on the employer rather than the employee.'" Gold v. Am. Med. Alert Corp., 2015 WL 4887525, at *5 (S.D.N.Y. Aug. 17, 2015) (quoting Hudacs v. Frito-Lay, Inc., 90 N.Y.2d 342, 349 (1997)).  The district court correctly ruled that although Goldberg did not receive wages to which he was entitled, his wages were not reduced in the manner prohibited by NYLL § 193.[1]

---

[1]   Wholesale withholding of wages is covered by NYLL § 191, which the parties agree does not apply to the plaintiff because he was an executive and therefore exempt from this provision.

2. Goldberg argues that because he was under threat of termination if he refused to accept lower wages, his employer violated NYLL § 198-b(2), which provides that it is "unlawful for any person . . . to request, demand, or receive . . . a return, donation or contribution of any part or all of [an] employee's wages [or] salary, . . . upon the statement, representation, or understanding that failure to comply with such request or demand will prevent such employee from procuring or retaining employment."

As the district court recognized, this is a novel application of the so-called "kickback" statute because the threatened termination was not coercive in the usual sense; rather, it was a result of the company's financial trouble. The company's distress caused the company to ask the management team, including the plaintiff, to accept a pay cut, and they agreed to do so. The company was never able to secure additional funding to pay back its employees, and eventually ceased all business operations. The "threat of termination" was not a threat as such, but instead was the obvious consequence of what would happen if the company folded due to its financial trouble. Under these circumstances, it cannot be expected that the reach of NYLL § 198-b would extend to the conduct at issue.[2]

For the foregoing reasons, and finding no merit in the plaintiff's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[2] Notably, the defendant was not the plaintiff's employer; rather, the defendant was a majority investor in, and non-executive Chairman of, Passport Brands, Inc., which was the plaintiff's actual employer. The parties do not address whether the economic realities of the defendant's role at Passport were such that he qualified as the plaintiff's "employer" for NYLL purposes. See, e.g., Bonito v. Avalon Partners, Inc., 106 A.D.3d 625, 626 (N.Y. App. Div. 1st Dep't 2013).