■ WILLY RODRIGUEZ et al., Appellants, v KGA INC. et al., Respondents. [64 NYS3d 11]—

Order, Supreme Court, New York County (Kathryn Freed, J.), entered July 8, 2016, which to the extent appealed from, granted defendants KGA Inc. (KGA) and Simon Werner's (Werner) motion to dismiss the complaint for failure to state a claim, unanimously affirmed, without costs.

Under New York law, it is a "settled rule of statutory interpretation, that unless expressly stated otherwise, no legislation is presumed to be intended to operate outside the territorial jurisdiction of the state enacting it" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 286 AD2d 229, 230 [1st Dept 2001] [internal quotation marks, ellipsis and citations omitted], *affd* 98 NY2d 314 [2002]; *see also* McKinney's Cons Laws of NY, Book 1, Statutes § 149 ["The laws of one state can have no force and effect in the territorial limits of another jurisdiction, in the absence of the consent of the latter"]).

Article 6 of the New York Labor Law, which contains the unlawful deductions, notice, and record keeping provisions which plaintiffs claim were violated, contains no indication that the provisions were intended to apply when the work in question is performed outside the state. Article 19 of the New York Labor Law, which contains the minimum wage, overtime, and spread

of hours provisions identified in the complaint, includes a "Statement of public policy" which states, in relevant part: "There are persons employed in some occupations in the state of New York at wages insufficient to provide adequate maintenance for themselves and their families. . . . Employment of persons at these insufficient rates of pay threatens the health and well-being of the people of this state and injures the overall economy" (Labor Law § 650).

Since these statutes do not expressly apply on an extraterritorial basis, plaintiffs' claims under these provisions, based on labor performed exclusively outside New York, do not state a cause of action under article 6 or article 19 of the New York Labor Law (*see O'Neill v Mermaid Touring Inc.*, 968 F Supp 2d 572, 578-579 [SD NY 2013]).

Plaintiffs' claims for breach of contract and for application of the minimum wage laws of another jurisdiction are asserted for the first time on appeal, and on this record, are unavailing. Concur—Kapnick, J.P., Webber, Gesmer and Oing, JJ. ■