Kingston v International Business Machs. Corp. (2020 NY Slip Op 05856)





Kingston v International Business Machs. Corp.


2020 NY Slip Op 05856


Decided on October 20, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 20, 2020

Before: Kapnick, J.P., Singh, Kennedy, Mendez, JJ. 


Index No. 156289/18 Appeal No. 12107 Case No. 2019-04188 

[*1]Scott Kingston, Plaintiff, Andre Temidis, et al., Plaintiffs-Appellants,
v
International Business Machines Corporation, Defendant-Respondent.


Seth A. Rafkin, New York, for appellants.
Jackson Lewis P.C., New York (Dana G. Weisbrod of counsel), for respondent.



Order, Supreme Court, New York County (Francis A. Kahn, III, J.), entered September 23, 2019, which granted defendant's motion to dismiss all of plaintiff Michael Lee's causes of action and plaintiff Andre Temidis' first and second causes of action, unanimously modified, on the law, to deny so much of defendant's motion as sought dismissal of Temidis' first and second causes of action, and to reinstate those claims, and otherwise affirmed, without costs.
Lee states that he lived in Texas and worked in his home office there. He reported to managers based in New York, served clients mostly based in New York, and travelled to New York State and City two to three times a year, for two to three days each visit, in order to meet with supervisors and service clients. Lee's presence in New York was not sufficient to vest the courts of this State with subject matter jurisdiction over his claims under the New York State and City Human Rights Laws (see Hoffman v Parade Publs., 15 NY3d 285, 289-291 [2010]; Shah v Wilco Sys., Inc., 27 AD3d 169, 175 [1st Dept 2005], lv dismissed in part, denied in part 7 NY3d 859 [1st Dept 2006]).
Since Lee's cause of action under Labor Law § 215 is premised almost exclusively on work performed outside of this State, he has failed to state a claim under that statute (see Rodriguez v KGA Inc., 155 AD3d 452, 453 [1st Dept 2017]).
Given that, among other factors, Lee is a Texas resident, and his sole remaining retaliation claim is asserted under a section of the Texas Labor Law, the motion court providently exercised its discretion in dismissing that claim on the ground of forum non conveniens (see CPLR 327[a]; Islamic Republic of Iran v Pahlavi, 62 NY2d 474, 478-479 [1984], cert denied 469 US 1108 [1985]).
Crediting plaintiffs' factual allegations as amplified by their opposition affidavits and other motion papers, and liberally construing the amended complaint and giving plaintiffs the benefit of every favorable inference (see 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 151-152 [2002]), plaintiffs allege that Temidis and plaintiff Scott Kingston discussed what they believed to be discriminatory conduct, involving an alleged wage law violation in the form of reduction of an African-American sales representative's commission in violation of company policy. Temidis told Kingston, his supervisor and a second-line manager, that the conduct was wrong and that he opposed it. Kingston then complained about the alleged misconduct to higher-level executives of defendant, in the process making it known to them that Temidis shared Kingston's objections and likewise opposed the misconduct. The foregoing sufficiently states claims for retaliation under the New York State and City Human Rights Laws and under Labor Law § 215 (see Harrington v City of New York, 157 AD3d 582, 585 [1st Dept 2018]; Martinez v Alubon, Ltd, 111 AD3d 500 [1st Dept 2013], lv dismissed 23 NY3d939 [2014], citing Higueros v New York State Catholic Health Plan, Inc., 526 F Supp 2d 342, 347 [ED NY 2007]; Matter of Abram v New York State Div. of Human Rights, 71 AD3d 1471, 1475 [4th Dept 2010]. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 20, 2020