Schmidt-Sarosi v Offices for Fertility & Reproductive Medicine, P.C. (2021 NY Slip Op 03564)





Schmidt-Sarosi v Offices for Fertility & Reproductive Medicine, P.C.


2021 NY Slip Op 03564


Decided on June 08, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 08, 2021

Before: Kapnick, J.P., Mazzarelli, Moulton, Mendez, JJ. 


Index No. 657613/19 Appeal No. 13921 Case No. 2021-00166 

[*1]Cecilia Schmidt-Sarosi, M.D., Plaintiff-Appellant,
v
Offices for Fertility and Reproductive Medicine, P.C., et al., Defendants-Respondents.


Freeborn & Peters LLP, New York (Kathryn T. Lundy of counsel), for appellant.
Akerman LLP, New York (Paul J. Rutigliano and Richard B. Brosnick of counsel), for
respondents.



Order, Supreme Court, New York County (Andrea Masley, J.), entered January 8, 2021, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the Labor Law §§ 193 and 215 claims, unanimously reversed, on the law, with costs, the motion denied, and the complaint reinstated as against defendant Amir Reza Radjabi Rahat, M.D. (Dr. Radjabi).
In 2017, plaintiff, a reproductive endocrinology and infertility physician, entered into an employment agreement with defendant Offices for Fertility and Reproductive Medicine P.C. (OFRM), of which defendant Dr. Radjabi later became the Chief Executive Officer. In 2019, plaintiff commenced this action, asserting causes of action, as relevant to this appeal, against both defendants OFRM and Dr. Radjabi for violation of Labor Law § 193 for making unlawful deductions from her earned wages, and for violation of Labor Law § 215 for retaliation.[FN1] Defendants moved to dismiss the action under CPLR 3211(a)(1) and (a)(7), arguing, inter alia, that plaintiff failed to allege any specific deduction and that the allegations, as pleaded, merely alleged that OFRM had improperly calculated her wages under the employment agreement. The motion court agreed with defendants and dismissed plaintiff's Labor Law claims.[FN2]
Under Labor Law § 193(1)(b), "[n]o employer shall make any deduction from the wages of an employee, except deductions which . . . are expressly authorized in writing by the employee and are for the benefit of the employee." In order to state a claim for a violation of § 193, "a plaintiff must allege a specific deduction from wages and not merely a failure to pay wages" (Goldberg v Jacquet, 667 Fed Appx 313, 314 [2d Cir 2016], citing Miles A. Kletter, D.M.D. & Andrew S. Levine, D.D.S., P.C. v Fleming, 32 AD3d 566, 567 [3d Dept 2006]). Additionally, a "'deduction is more targeted and direct than the wholesale withholding' of wages" (Goldberg v Jacquet, 667 Fed Appx at 314, quoting Gold v American Med. Alert Corp., 2015 WL 4887525, *5, 2015 US Dist LEXIS 108122, *11 [SD NY 2015]).
"On a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction" and the court is to "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88 [1994]). On a CPLR 3211(a)(1) motion to dismiss based on documentary evidence, "a dismissal is warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law" (id. at 88).
Here, plaintiff alleged that defendants "impermissibly and unlawfully made deductions from [her] wages including the operating costs and expenses of OFRM such as, among other things, credit card fees, bank services bills and electric bills." She also alleged that her draw and net bonus payments constituted[*2]"earned wages," and that defendants had "unlawfully made deductions from [her] [w]ages." Plaintiff further alleged that she gave OFRM notice of its material breaches of the agreement and violations of the New York Labor Law, and that approximately four weeks later, she received an email from Dr. Radjabi terminating her employment.
Affording the pleading a liberal construction and accepting the facts as true, as we must on a CPLR 3211 motion to dismiss, plaintiff stated a claim for violation of Labor Law § 193 by alleging that defendants made improper deductions for operating expenses from plaintiff's earned wages (see Goldberg v Jacquet, 667 Fed Appx at 314). We reject defendants' contentions that plaintiff's Labor Law § 193 claim is based on a miscalculation of plaintiff's compensation or unpaid wages or a wholesale withholding of her bi-weekly draw (see Fleming, 32 AD3d at 567), all of which would take the claim out of the purview of the Labor Law. Defendants' documentary evidence, which consists only of the employment agreement, fails to conclusively refute plaintiff's allegation that the net fees were "earned" before any deductions were made (see Kolchins v Evolution Mkts., Inc., 31 NY3d 100, 109 [2018]). Nor does the employment agreement list operating costs as one of the permissible deductions that can be taken from plaintiff's compensation.
Labor Law § 215 provides, in pertinent part, that no employer "shall discharge, threaten, penalize, or in any other manner discriminate against any employee (i) because such employee has made a complaint to his or her employer . . . that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of [the Labor Law]." The complaint states a cause of action under Labor Law § 215 by alleging that plaintiff was terminated four weeks after complaining of unlawful deductions from her wages (see Kingston v International Business Machs. Corp., 187 AD3d 578 [1st Dept 2020]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 8, 2021



Footnotes

Footnote 1: Plaintiff filed an amended complaint on February 13, 2020.

Footnote 2: The court did not dismiss plaintiff's cause of action for breach of good faith and fair dealing, and defendants did not move against plaintiff's first cause of action for breach of contract.