■ BERNARD SHORTT, Appellant, v WILLIAM CHANDLER et al., Defendants, and NELLIE DE MARSH, Respondent.—Main, J. Appeal from an order of the Supreme Court (White, J.), entered January 7, 1987 in Hamilton County, which granted a

motion by defendant Nellie De Marsh for summary judgment dismissing the complaint against her.

Plaintiff purchased property located in the Town of Indian Lake, Hamilton County, from defendants Nellie De Marsh and Gordon De Marsh, who has died since the commencement of this action.* This property adjoins property owned by defendant William Chandler and a dispute between plaintiff and Chandler over the boundary between these properties arose. Plaintiff commenced this action seeking in the first cause of action a judgment against Chandler under RPAPL article 15 that plaintiff owns the disputed property; alleging in the second cause of action a breach of the warranty of title provided in his deed signed by defendants De Marsh; and alleging in the third cause of action misrepresentation of the boundary lines of the property by defendants De Marsh. Nellie De Marsh moved for summary judgment dismissing the two causes of action against her. The moving papers consisted of an affirmation by her attorney and copies of the pertinent deeds and depositions. Plaintiff failed to submit any moving papers and Supreme Court granted the motion. Plaintiff now appeals.

Plaintiff argues that summary judgment was improperly granted because the motion was insufficiently supported by an attorney's affirmation and there are questions of fact outstanding. The first contention is without merit as it is well settled that an attorney's affirmation is sufficient to support a motion for summary judgment when, as here, documentary evidence is being relied upon *(see, e.g., Olan v Farrell Lines,* 64 NY2d 1092, 1093; *Weingarten v Marcus,* 118 AD2d 640, 641).

Likewise, the second argument must be rejected. As to the second cause of action, there can be no breach of the warranty of title until there is an eviction, actual or constructive, by which the grantee loses possession by process of law or yields possession to a title actually paramount *(Rajchandra Corp. v Tom Sawyer Motor Inns,* 106 AD2d 798, 801, *appeal dismissed* 65 NY2d 784, 925, 975; 43 NY Jur 2d, Deeds, § 145, at 331). No such eviction has yet occurred and, therefore, plaintiff has no cause of action for breach of the warranty of title. As to the third cause of action, the record fails to disclose any representations by Nellie De Marsh to plaintiff concerning the boundaries of the property or any other terms of the conveyance. Thus, no questions of fact exist as to the causes of action

---

* No substitution pursuant to CPLR 1015 has apparently been made for Gordon De Marsh.

against Nellie De Marsh and Supreme Court properly awarded summary judgment dismissing the complaint against her.

Order affirmed, with costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.