■ MARINE MIDLAND BANK, N. A., Appellant, v CES/COMPU-TECH, INC., Respondent.—Order of the Supreme Court, New York County (Herman Cahn, J.), entered September 28, 1988, denying plaintiff's motion for summary judgment, is unanimously reversed, on the law, and the motion for summary judgment is granted in the amount of $428,661.91 plus interest as of February 23, 1988, with attorney's fees and costs. The matter is remanded for a hearing as to the amount of attorney's fees.

In this action by plaintiff, Marine Midland Bank, N. A. (Marine Midland), to recover the outstanding balance due on a loan assignment agreement and accompanying promissory note, plus interest and attorney's fees, the motion court denied Marine Midland's motion for summary judgment, holding that the defendant CES/Compu-Tech, Inc. (CES) had a triable defense of fraudulent inducement. The motion court found that the affidavit of CES' president alleging oral promises by the vice-president of Marine Midland to readjust payment schedules in the event CES encountered cash-flow problems and reliance by CES on such representation in entering into the loan assignment agreement raised triable issues of fact. Further, the motion court held that the written agreements involved did not contain a specific disclaimer sufficient to bar this defense. We disagree.

On May 16, 1986, Marine Midland Bank sold and assigned to defendant a $700,000 note which it had held for Compu-Tech Educational Services, Inc., defendant's predecessor.

In consideration of the assignment agreement entered into by the parties CES paid $100,00 to Marine Midland, executed a security agreement and delivered to Marine Midland a term note payable in the principal amount of $600,000 with interest. The term note provided for payments in 37 consecutive monthly installments, beginning January 1, 1987. CES defaulted in November 1987 after making 10 payments.

Paragraph 8 of the assignment agreement provides: "This

Agreement and the other documents delivered pursuant to, and referred to in, this Agreement *set forth the entire understanding of the parties hereto with respect to the subject matter thereof and may be modified only by a written instrument* duly executed by [Marine] and [CES]. No breach of any covenant, agreement, warranty or representation shall be deemed waived unless expressly waived in writing by the party or parties who might assert such breach." (Emphasis added.)

The term note states in part:

"[CES] waives * * * the right to assert defenses, setoffs and counterclaims * * * in any action or proceeding in any court arising on, out of, under, by virtue of, or in any way relating to this Note or the transactions contemplated hereby. [CES] confirms that the foregoing waiver is informed and voluntary. * * *

"This Note may not be modified orally".

Despite the opposing contentions of the parties as to whether or not the affidavit of the CES president raised a triable issue of fraud in the inducement, the language of disclaimer in the assignment agreement and note is sufficiently specific to foreclose the defense of fraudulent inducement as a matter of law. The holding in *Citibank v Plapinger* (66 NY2d 90, 93 [1985]) warrants this conclusion.

In *Plapinger (supra)*, the officers and directors of a holding company renegotiated a term loan with Citibank which was guaranteed by such officers and directors. When the holding company filed a voluntary petition in bankruptcy, Citibank declared the term loan due and brought an action against the corporate guarantors. The guarantors asserted a fraudulent inducement defense claiming that bank representatives had promised to extend an additional line of credit to the holding company and that they would not have given their guarantees had this representation not been made. The guarantee therein stated that it was " 'absolute and unconditional' " " 'irrespective of * * * any other agreement or * * * circumstance which might otherwise constitute a defense' to the guarantee." (66 NY2d, *supra*, at 95.) The Court of Appeals held that summary judgment was properly granted because the defendants were foreclosed by virtue of the disclaimer contained in the guarantee from establishing reliance, under the rule of *Danann Realty Corp. v Harris* (5 NY2d 317 [1959]), stating: "the rule that fraud in the inducement vitiates a contract [is] subject to exception where the person claiming to have been defrauded has by his own specific disclaimer of reliance upon

oral representations himself been 'guilty of deliberately misrepresenting [his] true intention' " (66 NY2d, *supra,* at 94).

Similarly, the rule of *Danann Realty Corp. (supra)* precludes CES' claim that it was fraudulently induced into the loan agreements by oral representations. The written agreements between the parties are sufficiently specific in this regard. To permit a contrary result would be to condone, in effect, defendant's president's own conduct in deliberately misrepresenting his intention when executing an agreement which purports to "set forth the entire understanding of the parties." *(See, Citibank v Plapinger, supra,* at 95.)

Accordingly, the order of the Supreme Court should be reversed. Concur—Sullivan, J. P., Asch, Milonas, Rosenberger and Smith, JJ.