■ MARINE MIDLAND BANK, N. A., Appellant, v EMBASSY EAST, INC., et al., Respondents.—Order, Supreme Court, New York County (Andrew Tyler, J.), entered April 26, 1989, which denied plaintiff-appellant's motion for summary judgment,

unanimously reversed, on the law, and the motion granted, with costs.

Supreme Court erred in denying the motion by plaintiff-appellant Marine Midland Bank for summary judgment, on the ground that the supporting affidavit of a vice-president who did not take part in the loan negotiations and did not have personal knowledge of the facts was insufficient. The affidavit was based upon documentary evidence which is legally admissible. As such, it is sufficient to support a motion for summary judgment *(Olan v Farrell Lines,* 64 NY2d 1092 [1985], *affg* 105 AD2d 653 [1st Dept 1984]; *Shortt v Chandler,* 135 AD2d 932, 933 [3d Dept 1987]). Review of the record shows that there are no triable issues of fact and that appellant has established that it is entitled to summary judgment as a matter of law.

Respondent Embassy East, Inc., a catering firm, hired R & H Financial Services (R & H) to obtain financing for construction of a new catering facility in Nassau County. The loan was to be guaranteed by a corporate affiliate, respondent Embassy Terrace, Inc., and by the principals of these two corporations, respondents Vito Salerno and Venanzio Salerno. The financing request dated April 23, 1986 and submitted to the bank by R & H on behalf of respondents states that "a $400,000 ninety day loan" was being sought. Thereafter, R & H informed respondents that the bank had agreed to their proposed repayment terms on condition that the loan was guaranteed by the two Salernos.

Respondents maintain that their agent, R & H, had been instructed to seek an unsecured line of credit, repayable on an amortized, long-term basis. Nevertheless, on April 25, 1986, respondent Vito Salerno executed a "variable interest time or demand note" which he now contends contained a blank space where the payment date was to be filled in. Vito Salerno maintains that he merely scanned, but did not read, the loan documents at the closing and that he relied on the representations of his agent made in the presence of the bank's employees that the loan was repayable on an amortized, long-term basis. Unconditional guarantees of Embassy East's indebtedness were also executed by respondent Embassy Terrace, Inc. and the two Salernos. Respondents allege that on June 25, 1986, they were advised for the first time that repayment of the loan would be due immediately, even though the 90 days had not yet elapsed.

Appellant, however, asserts that its letter of June 25, 1986 merely confirmed the parties' understanding as to the terms

upon which the bank would extend the repayment of the debt evidenced by the promissory note. This letter, countersigned by Vito Salerno, does not contain a demand for immediate repayment of the loan. However, it required respondents to purchase, in installments, $300,000 of Marine Midland certificates of deposit to be held by appellant as collateral which would ultimately be liquidated in satisfaction of the debt. The remaining $100,000 was to be paid in 12 equal monthly installments. Even though respondents delivered only $100,000 in collateral, appellant permitted them to renew the loan by executing a series of 90-day notes until April 4, 1988, when the bank demanded payment in full.

The documentary evidence submitted by appellant clearly establishes its entitlement to summary judgment. Respondents admit that Vito Salerno executed the promissory note dated May 2, 1986. None of the terms which respondents maintain were represented to them by their agent are evidenced by this note or any other writing. To the contrary, the note is entirely consistent with the terms proposed in the financing request submitted by respondents' agent. It is significant that respondents have submitted no correspondence or other evidence to establish that their agent was instructed to seek an unsecured line of credit repayable on a long-term basis, and the record contains only respondents' unsubstantiated assertions that they were misled by their agents who were in collusion with the bank's employees.

Moreover, we find it incredible that the individual respondents, who were represented in the financing request as being experienced businessmen, would have relied on these alleged oral representations which plainly differed from the terms on the face of the note. It is no defense that respondents did not read the note or the guarantees, for the law presumes that one who is capable of reading has read the document which he has executed (*Humble Oil & Refin. Co. v Jaybert Esso Serv. Sta.*, 30 AD2d 952 [1st Dept 1968]) and he is conclusively bound by the terms contained therein (*Pimpinello v Swift & Co.*, 253 NY 159, 163 [1930]; *Newmark & Lewis v Olim Realty Corp.*, 109 AD2d 737 [2d Dept 1985]).

Respondents' claim of fraud in the inducement is unavailing as a defense to their obligations as guarantors of the corporate debt. Vague and conclusory allegations based on conjecture or suspicion cannot defeat a motion for summary judgment (*Oates v Marino*, 106 AD2d 289, 291 [1st Dept 1984]). Moreover, the guarantees executed by respondents each recite that it "shall not be changed or affected by any representation,

oral agreement, act or thing whatsoever, except as herein provided" and that the guarantor's obligation shall not be affected by "the invalidity or unenforceability of any of the indebtedness." Thus the corporate and individual guarantors are foreclosed from asserting reliance on any oral representation as to the nature of the debt which they had guaranteed absolutely and unconditionally notwithstanding its invalidity or unenforceability. *(See, Citibank v Plapinger,* 66 NY2d 90, 94-96 [1985]; *Marine Midland Bank v CES/Compu-Tech, Inc.,* 147 AD2d 396 [1st Dept 1989].)

Settle order. Concur—Ross, J. P., Carro, Rosenberger, Ellerin and Smith, JJ.