■ SILAS LABIER et al., Respondents, v MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., et al., Appellants.—Mikoll, J.

Appeal from that part of an order of the Supreme Court (Prior, Jr., J.), entered July 17, 1990 in Albany County, which partially denied defendants' cross motion for summary judgment dismissing the complaint.

Plaintiffs invested $25,000 in the purchase of a limited partnership investment in North American Railcar Partners, Ltd., proposed to them by defendant Walter Marvin, agent for defendant Merrill Lynch, Pierce, Fenner & Smith, Inc. The investment was purchased by Merrill Lynch for plaintiffs on May 15, 1981. The investment was unprofitable and resulted in losses to plaintiffs. Plaintiffs sued defendants on April 4, 1988 alleging three causes of action: two in negligence against both defendants and a cause of action alleging fraud on the part of Marvin in concealing pertinent risk factors of the investment. After plaintiffs moved to strike defendants' answer, defendants cross-moved for summary judgment dismissing the complaint. Supreme Court dismissed the negligence causes of action on Statute of Limitations grounds but denied defendants' cross motion with respect to the fraud cause of action, finding that the existence of questions of fact as to when the fraud occurred or was reasonably discoverable precluded summary judgment. The court also denied plaintiffs' motion. This appeal by defendants is limited to the denial of summary judgment as to the fraud cause of action.

The pertinent facts are as follows. Plaintiffs signed a "Limited Partner Signature Page and Power of Attorney" notarized May 5, 1981, which stated, *inter alia,* that "[t]he undersigned further * * * adopts and agrees to all terms, and conditions and representations of the Subscription Agreement included as Exhibit E to the Prospectus". The subscription agreement stated, *inter alia,* that the "undersigned has carefully read the Prospectus and has relied solely upon the Prospectus and investigations made by the undersigned" and that the "undersigned is aware that investment in the Interests involves certain risk factors and has carefully read and considered the matters set forth". The prospectus included various boldface warnings that the investment was of high risk, including possible lower rates of return than expected, that possible changes in regulations or in tax laws could occur which could affect profitability, that no public market would be likely to exist for resale of the investment, and that the purchaser could rely only on the representations in the prospectus and not on any made by sales personnel.

Defendants urge that Supreme Court erred in denying summary judgment to them on the fraud cause of action

because the document at issue contained a specific disclaimer of reliance on oral representations and plaintiffs cannot now contest this fact. It is urged that plaintiffs cannot prove the element of reliance as a matter of law.

We agree with defendants. The representations in the document signed by plaintiffs were sufficiently specific to preclude any parol evidence that they did not read or know its contents prior to signing the document on the date of the sale *(see, e.g., Marine Midland Bank v Embassy E.,* 160 AD2d 420). Having found that plaintiffs have not made out a cause of action in fraud, summary judgment on that cause of action should have been granted to defendants.

Yesawich Jr., Mercure and Crew III, JJ., concur; Weiss, J. P., not taking part. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the cross motion for summary judgment on the fraud cause of action; cross motion granted to that extent, summary judgment awarded to defendants on said cause of action and said cause of action dismissed; and, as so modified, affirmed.