■ GREEN HARBOUR HOMEOWNERS' ASSOCIATION, INC., Appellant, v G.H. DEVELOPMENT AND CONSTRUCTION, INC., et al., Respondents. [763 NYS2d 114] —Kane, J. Appeal from an order of the Supreme Court (Moynihan, Jr., J.), entered January 8, 2003 in Warren County, which, inter alia, partially denied plaintiff's motion for summary judgment.

Plaintiff is a homeowner's association for a housing development located in the Town of Lake George, Warren County. De-

fendant G.H. Development and Construction, Inc. (hereinafter GHDC) was the sponsor of the housing development. Co-sponsors were defendants Gene Black and Green Harbour-Cooper Point Acres, the latter being an entity owned by defendants Elio M. Micheli, Michael R. Micheli, Jean M. Rooney and Joseph A. Micheli (hereinafter collectively referred to as the co-sponsors). The co-sponsors sold their remaining interests in the housing development to defendant Kenneth Ermiger in 2002. Due to long-standing difficulties between the parties regarding the development, plaintiff commenced this action containing 15 separate causes of action. Defendants moved to dismiss some causes of action pursuant to CPLR 3211 and plaintiff cross-moved under CPLR 3212 for summary judgment on all claims. Supreme Court granted plaintiff summary judgment on one cause of action only (tenth), and granted defendants summary judgment on five causes of action (fifth, seventh, ninth, eleventh and fourteenth) and partial summary judgment on another (fifteenth). Plaintiff appeals.

Plaintiff first contends that it is entitled to summary judgment on several causes of action relating to the parameters of Lot 20 of the development, and regarding an easement along the water. Questions of fact abound regarding this parcel and easement. There are clearly two distinct maps, one filed with the Town Planning Board and one filed in the County Clerk's office, which provide different boundary lines for the parcel known as Lot 20. Review of the Planning Board minutes fails to clarify which is the correct map. The ambiguity of the contract between the parties, here the offering plan,[1] regarding exactly what property constitutes Lot 20 makes it necessary to consider extrinsic evidence to determine the parties' intent (see *Dorel Steel Erection Corp. v Seaboard Sur. Co.*, 291 AD2d 309, 309 [2002]; *Pikul v Clough, Harbour & Assoc.*, 190 AD2d 932, 933 [1993]). The record is insufficient to determine the parties' intent as a matter of law. There are also factual issues regarding the nature and extent of an easement to and from certain docks on the island. Accordingly, Supreme Court properly denied plaintiff summary judgment on its first through fourth, sixth and eighth causes of action.

Plaintiff argues that it is entitled to contribution from defendants for their share of the costs to maintain a road over which defendants have an easement in common with plaintiff and its members. "The general rule is that, absent an express agreement, all persons benefited by an easement must share

---

1. An offering plan is a sponsor's offer to sell membership interests in a homeowner's association.

ratably in the cost of its maintenance and repair" (*Cohen v Banks*, 169 Misc 2d 374, 377 [1996] [citations omitted]). Here, the offering plan states that the "Co-Sponsor[s] reserved for themselves and their assigns * * * the right to use in common with others at no charge the beach and the roadway," referring to the easement for which plaintiff is seeking maintenance contributions, and "those persons will have the right to use the beach and the roadway at no charge even though they are not members of [plaintiff]." This clear language constitutes an agreement to deviate from the general rule and allow defendants to use the roadway easement without maintenance contributions.

Plaintiff's contention that defendants owe assessments for vacant or undeveloped lots in the development can also be addressed by the clear language of the offering plan and declaration of covenants. The offering plan permits plaintiff to levy assessments against owners of all "units" to cover the operation of plaintiff and maintenance of its property. "Unit" is defined as a completed dwelling unit, as evidenced by a certificate of occupancy issued by the Town. As vacant lots are not completed and have never been issued certificates of occupancy, plaintiff is not entitled to levy assessments on such lots.

In plaintiff's eleventh cause of action, it contends that it is entitled to as-built drawings of its property as required under the offering plan. Initially, while the offering plan only requires the sponsor, GHDC, to provide these drawings, the definition of sponsor in the regulations requiring as-built drawings includes the co-sponsors as well (*see* 13 NYCRR 22.1 [c] [1]; 22.3 [n] [9]), but not Ermiger. The offering plan requires delivery of as-built plans and specifications for plaintiff's property "as such Property is completed." Seven more townhouses remain to be built, presumably with connections to plaintiff's sewer and water infrastructure, rendering it unclear whether construction of plaintiff's property is completed. This precludes summary judgment as to GHDC and the co-sponsors on this cause of action, requiring us to reverse Supreme Court's grant of summary judgment to said defendants.

Plaintiff contests denial of summary judgment on its twelfth cause of action seeking a declaration that defendants are responsible for costs to improve the water and sewer systems, that plaintiff need not provide access to these services for commercial enterprises, and that it is not required to provide water and sewer services to the island unless and until certain demands are met. The offering plan and declaration each reserve to the co-sponsors and their successors the right to con-

nect the existing mansion on the island and up to seven residential units which may be constructed on the island to the sewer and water systems. The benefitted parties are required to pay for these services in an amount equal to that paid by homeowners in plaintiff's development. The documents are silent regarding costs of any improvements. Questions have been raised regarding defendants' responsibility to pay for these improvements due to alleged unauthorized use or misuse of the systems by a commercial enterprise operated on the island in violation of a condition of approval by the Planning Board. Because there are unresolved factual questions, these issues must be addressed at trial.

Plaintiff is not contractually entitled to counsel fees. New York follows the American Rule, which "provides that 'attorney's fees are incidents of litigation and a prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties, statute or court rule' " (*Baker v Health Mgt. Sys.*, 98 NY2d 80, 88 [2002], quoting *Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491 [1989]). The offering plan states, as required by 13 NYCRR 22.3 (n) (1), that GHDC and the co-sponsors will defend and indemnify plaintiff in any suits arising out of defendants' act or omissions. Plaintiff is not entitled to counsel fees under the language of the offering plan, which does not mention counsel fees and requires only defense of actions, not the financing of suits commenced by plaintiff against GHDC and the co-sponsors. A paragraph in the declaration of covenants, providing for counsel fees if plaintiff successfully brings an action to extinguish a violation or enforce the provisions of the declaration or plaintiff's rules or bylaws, typically relates to violations by homeowners and is not applicable here. In any event, plaintiff points to no particular declaration, rule or bylaw of plaintiff allegedly violated by defendants. Plaintiff is therefore not entitled to recover counsel fees under either the offering plan or the declaration of covenants.

In its thirteenth cause of action, plaintiff contends that it is entitled to summary judgment on its claim under General Business Law § 349 for deceptive business practices. The threshold under section 349 requires allegations that the defendants' practices "have a broad impact on consumers at large" (*Walsh v Liberty Mut. Ins. Co.*, 289 AD2d 842, 844 [2001]; *see New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 320 [1995]; *Akgul v Prime Time Transp.*, 293 AD2d 631, 634 [2002]). "[C]learly not cognizable under the statute[ ] are large, private, single-shot contractual transactions" (*Teller v Bill Hayes, Ltd.*,

213 AD2d 141, 147 [1995], *lv dismissed, lv denied* 87 NY2d 937 [1996]; *see New York Univ. v Continental Ins. Co., supra* at 320-321). Section 349 "was intended [as] a consumer protection statute" (*Teller v Bill Hayes, Ltd., supra* at 145), so "[p]rivate transactions without ramifications for the public at large are not the proper subject of [such] a claim" (*Canario v Gunn*, 300 AD2d 332, 333 [2002]). This Court previously found a complex, multimillion dollar transaction to acquire and develop a housing development to be a "single-shot" type commercial transaction outside the scope of General Business Law § 349 (*see Quail Ridge Assoc. v Chemical Bank*, 162 AD2d 917, 920 [1990], *lv dismissed* 76 NY2d 936 [1990]). Because the matter here "is unique to the parties at this particular complex," it "does not fall within the ambit of the statute" (*Thompson v Parkchester Apts. Co.*, 271 AD2d 311, 312 [2000]; *cf. B.S.L. One Owners Corp. v Key Intl. Mfg.*, 225 AD2d 643, 644 [1996]). Thus, Supreme Court erred in failing to dismiss plaintiff's thirteenth cause of action.[2]

The parties' remaining contentions have either been abandoned on appeal or have been reviewed and found unpersuasive.

Crew III, J.P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the motion of defendants G.H. Development and Construction, Inc., Gene Black, Green Harbour-Cooper Point Acres, Elio M. Micheli, Michael R. Micheli, Jean M. Rooney and Joseph A. Micheli dismissing the eleventh cause of action; motion dismissing the eleventh cause of action against said defendants denied, grant summary judgment to all defendants on the thirteenth cause of action and said cause of action dismissed; and, as so modified, affirmed.

 ---

2. We grant this relief to defendants under our authority to search the record and grant summary judgment to a nonmoving and/or nonappealing party (*see* CPLR 3212 [b]; *Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106, 111 [1984]; *Doin v Bluff Point Golf & Country Club*, 262 AD2d 842, 843 [1999], *lv denied* 94 NY2d 753 [1999]).