■ GENE BLACK et al., Respondents, v GREEN HARBOUR HOMEOWNERS' ASSOCIATION, INC., et al., Appellants. [829 NYS2d 764]—

Kane, J. Appeal from an order of the Supreme Court (Teresi, J.), entered May 16, 2006 in Albany County, which denied defendants' motion to dismiss and/or for summary judgment.

Defendants herein initiated the underlying civil litigation

naming plaintiffs herein, among others, as defendants (*see Green Harbour Homeowners' Assn., Inc. v G.H. Dev. & Constr., Inc.*, 14 AD3d 963 [2005]; *Matter of Green Harbour Homeowners' Assn. v Town of Lake George Planning Bd.*, 1 AD3d 744 [2003]; *Green Harbour Homeowners' Assn. v G.H. Dev. & Constr.*, 307 AD2d 465 [2003], *lv denied* 100 NY2d 640 [2003]).* When that litigation ended after summary judgment motions, a trial and several appeals, plaintiffs commenced this action for malicious prosecution. Defendants moved for dismissal of the complaint pursuant to CPLR 3211 and 3212. Supreme Court denied the motions, prompting defendants to appeal.

We reverse and dismiss the complaint. To support a malicious prosecution cause of action based on prior civil litigation, the plaintiff must show that the defendant initiated an action or proceeding that terminated in the plaintiff's favor, there was no probable cause for the action or proceeding, the defendant acted with malice and the plaintiff suffered a special injury (*see Fink v Shawangunk Conservancy, Inc.*, 15 AD3d 754, 754 [2005]; *Williams v Barber*, 3 AD3d 695, 696-697 [2004]). Supreme Court's and this Court's decisions partially denying summary judgment in the prior litigation, as well as Supreme Court's denial of plaintiffs' motion for a directed verdict during the trial, recognize the conflicting facts and issues in that litigation and the potential merit of at least some causes of action in the underlying complaint (*see Fink v Shawangunk Conservancy, Inc., supra* at 755; *see also Hornstein v Wolf*, 67 NY2d 721, 723 [1986]). In fact, defendants actually prevailed on some of their causes of action about which the complained of lis pendens was filed in the underlying matter. As the litigation did not terminate entirely in plaintiffs' favor, and the record in the underlying matter shows that defendants had probable cause to assert some of their causes of action, including those alleging fraud, they cannot succeed in this malicious prosecution action.

Spain, J.P., Carpinello and Rose, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendants and complaint dismissed.

---

* The underlying litigation included an action against plaintiffs and a CPLR article 78 proceeding against a town planning board, with plaintiffs as additional respondents. In the proceeding, Supreme Court severed the only cause of action pertaining to plaintiffs and joined it with the action. Accordingly, we treat the underlying litigation as one action.