■ GREEN HARBOUR HOMEOWNERS' ASSOCIATION, INC., Appellant, v KENNETH ERMIGER, Defendant and Third-Party Plaintiff-Respondent. GENE BLACK et al., Third-Party Defendants-Respondents. [855 NYS2d 295]—

Kane, J. Appeals from two orders of the Supreme Court (Krogmann, J.), entered January 12, 2007 and March 6, 2007 in Warren County, which, among other things, granted defendant's cross motion for partial summary judgment as to the deed reformation counterclaim.

On October 4, 1994, third-party defendants, Gene Black and Green Harbour-Cooper Point Acres (hereinafter collectively referred to as Black), the sponsors of the Green Harbour subdivision, executed a deed transferring to plaintiff several parcels of real property described as phase three of the subdivision, but excepting and reserving specific lots and townhouse properties to Black. Black later sold 33 of the reserved properties. Although plaintiff offered to purchase the remaining lots, Black executed a deed in July 2002 conveying to defendant "all remaining areas reserved for construction of Townhouse Buildings on Ridgeview Lan[e] and Lookout Mountain Drive, Green Harbour Subdivision, as referenced and specifically reserved by [Black] by deed dated October 4, 1994," then specifically listing seven lots. At issue on this appeal are two lots on Ridgeview Lane which were not reserved to Black by the 1994 deed but are specifically listed in the 2002 deed as previously reserved and being transferred to defendant.[1]

---

1. Since 2002, the parties have experienced a litigious relationship concerning this subdivision (*see generally Black v Green Harbour Homeowners' Assn., Inc.*, 37 AD3d 1013 [2007]; *Black v Green Harbour Homeowners' Assn., Inc.*,

In 2006, plaintiff commenced this action seeking, among other things, to quiet title to certain lots. Defendant and Black asserted counterclaims against plaintiff seeking to reform the 1994 deed to reserve and except the two Ridgeview Lane lots, citing a mutual mistake or scrivener's error. Plaintiff moved to dismiss Black's and defendant's counterclaims for deed reformation as barred by the statute of limitations. Defendant cross-moved for partial summary judgment granting his reformation counterclaim. Supreme Court denied plaintiff's motion, granted the cross motion and issued an order reforming the 1994 deed to reserve the two lots to Black. Plaintiff appeals.

The statute of limitations bars defendant's and Black's counterclaims for reformation of the 1994 deed.[2] An action to reform a deed based upon a mistake must generally be commenced within six years after the mistake is committed (*see* CPLR 213 [6]). For deed reformation based upon mistake or fraud, however, an exception to the time limitation provides that "as to one who is in possession of real property under an instrument of title, the statute never begins to run against his right to reform that instrument until he has notice of a claim adverse to his under the instrument, or until his possession is otherwise disturbed" (*Hart v Blabey*, 287 NY 257, 262-263 [1942]; *see Ford v Clendenin*, 215 NY 10, 16-17 [1915]; *Wilshire Credit Corp. v Ghostlaw*, 300 AD2d 971, 973 [2002]; *Tursi v St. Joseph's Sanatorium*, 133 AD2d 910, 911-912 [1987]).

That exception does not apply here. Importantly, neither Black nor defendant was in physical possession of these vacant building lots nor is there proof that they posted, fenced, maintained or improved the lots in any way. The only indicia of possession on the part of Black or defendant was the payment of taxes and procurement of building permits. The record does not contain any proof that plaintiff was aware of the building permits. Under these circumstances, the evidence of possession is insufficient to invoke the exception so as to toll the statute of limitations (*but cf. Shawangunk Conservancy v Fink*, 261 AD2d 692, 692 [1999] [noting payment of taxes on disputed parcels for approximately 40 years, then reforming deeds in chain of

---

19 AD3d 962 [2005]; *Green Harbour Homeowners' Assn., Inc. v G.H. Dev. & Constr., Inc.*, 14 AD3d 963 [2005]; *Matter of Green Harbour Homeowners' Assn. v Town of Lake George Planning Bd.*, 1 AD3d 744 [2003]; *Green Harbour Homeowners' Assn. v G.H. Dev. & Constr.*, 307 AD2d 465 [2003], *lv dismissed* 100 NY2d 640 [2003]).

**2.** While the doctrine of judicial estoppel would potentially preclude plaintiff from prevailing on the merits, the record does not contain proof of any position taken by plaintiff within the statute of limitations which would affect our determination based on the statute of limitations defense.

title, where original deed contained error on its face]). Thus, as neither Black nor defendant was in possession of the lots under an instrument of title prior to the time the statute of limitations expired, the exception does not apply and the reformation counterclaims are barred by the six-year statute of limitations.

Mercure, J.P., Peters and Spain, JJ., concur.

Carpinello, J. (dissenting). I would affirm, albeit on a different ground than that articulated by Supreme Court. On his cross motion for partial summary judgment, defendant established that plaintiff, in the course of prior litigation between them in 2002, affirmatively and repeatedly represented to Supreme Court that defendant owned seven undeveloped lots in the subject subdivision. Plaintiff's contrary position in this action, namely, that two of these seven lots were omitted from a 1994 deed, violates the doctrine of judicial estoppel, or estoppel against inconsistent positions, which precludes a party from taking a particular position in one proceeding and a contrary or inconsistent position in another proceeding (*see e.g. Evergreen Bank v Dashnaw*, 262 AD2d 737, 739 n [1999]; *Clifton Country Rd. Assoc. v Vinciguerra*, 252 AD2d 792, 793 [1998]; *Cafferty v Thompson*, 223 AD2d 99, 102 [1996], *lv denied* 88 NY2d 815 [1996]; *Moore v County of Clinton*, 219 AD2d 131, 134-135 [1996], *lv denied* 89 NY2d 851 [1996]; *Environmental Concern v Larchwood Constr. Corp.*, 101 AD2d 591, 594 [1984]). Indeed, "[t]he doctrine rests upon the principle that a litigant should not be permitted . . . to lead a court to find a fact one way and then contend in another judicial proceeding that the same fact should be found otherwise" (*Environmental Concern v Larchwood Constr. Corp.*, 101 AD2d at 593 [internal quotation marks and citation omitted]). This is precisely what plaintiff has done here and this Court should not countenance it.

Ordered that the orders are reversed, on the law, with costs, defendant's cross motion for partial summary judgment denied, plaintiff's motion to dismiss granted and deed reformation counterclaims dismissed.