■ GREEN HARBOUR HOMEOWNERS ASSOCIATION, INC., Plaintiff, v KENNETH ERMIGER, Defendant and Third-Party Plaintiff-Respondent. ESTATE OF GENE BLACK, Deceased, et al., Third-Party Defendants-Appellants. [898 NYS2d 302]—

Garry, J. Appeal from an order of the Supreme Court (Krogmann, J.), entered August 5, 2009 in Warren County, which granted defendant's motion for partial summary judgment on his claim for breach of warranty of title in the third-party action.

In 1994, Gene Black[1] and third-party defendant Green Harbour-Cooper Point Acres (hereinafter collectively referred to as Black) executed a deed conveying to plaintiff several parcels

---

1. After the death of Gene Black, his estate was substituted as a third-party defendant by Supreme Court.

of real property constituting the common areas of "phase three," a portion of the Green Harbour subdivision in the Town of Lake George, Warren County.[2] The deed identified the common areas to be conveyed by setting forth the entire metes and bounds description of phase three and listing certain enumerated lots to be excepted from the conveyance. The parties allegedly intended to list as excepted 40 lots on which townhouses had been built or were to be built, all of which were to be retained by Black. By inadvertence, however, only 38 lots were enumerated, and two lots located at 21 and 22 Ridgeview Lane, on which townhouses were to be built, were not included in the list of excepted lots. Subsequently, Black sold 33 of the excepted lots. In 2002, despite plaintiff's efforts to purchase the remaining lots, Black executed a deed that purported to convey seven lots, including 21 and 22 Ridgeview Lane, to defendant.

In 2006, plaintiff commenced this action seeking, among other things, to quiet title to 21 and 22 Ridgeview Lane (see RPAPL art 15). Defendant answered and asserted a third-party claim against Black for breaches of the warranties of title and quiet enjoyment. Additionally, defendant and Black counterclaimed against plaintiff for reformation of the 1994 deed to except 21 and 22 Ridgeview Lane from the conveyance. Defendant successfully sought partial summary judgment upon his counterclaim for reformation, but this Court subsequently reversed, finding the reformation counterclaim to be time-barred by the statute of limitations (50 AD3d 1199, 1200-1201 [2008] [hereinafter the 2008 decision]). Defendant thereafter moved for partial summary judgment on his claim against Black for breach of the warranty of title. Supreme Court granted the motion and ordered an inquest on damages. Black now appeals.

To sustain a claim for breach of warranty of title, there must be "an eviction, actual or constructive, by which the grantee loses possession by process of law or yields possession to a title actually paramount" (*Shortt v Chandler*, 135 AD2d 932, 933 [1987]; *see Rajchandra Corp. v Tom Sawyer Motor Inns*, 106

---

2. This subdivision has been the subject of extensive previous litigation not only in this action (*Green Harbour Homeowners' Assn., Inc. v Ermiger*, 67 AD3d 1116 [2009]; *Green Harbour Homeowners' Assn., Inc. v Ermiger*, 50 AD3d 1199 [2008]), but in many other actions (*see Black v Green Harbour Homeowners' Assn., Inc.*, 37 AD3d 1013 [2007]; *Ermiger v Black*, 36 AD3d 1053 [2007]; *Black v Green Harbour Homeowners' Assn., Inc.*, 19 AD3d 962 [2005]; *Green Harbour Homeowners' Assn., Inc. v G.H. Dev. & Constr., Inc.*, 14 AD3d 963 [2005]; *Matter of Green Harbour Homeowners' Assn. v Town of Lake George Planning Bd.*, 1 AD3d 744 [2003]; *Green Harbour Homeowners' Assn. v G.H. Dev. & Constr.*, 307 AD2d 465 [2003], *lv dismissed* 100 NY2d 640 [2003]; *Matter of Black v Summers*, 151 AD2d 863 [1989]).

AD2d 798, 801 [1984], *appeals dismissed* 65 NY2d 784, 925, 975 [1985]). In finding that a breach of the warranty of title had taken place, Supreme Court determined that the 2008 decision confirmed plaintiff's title to 21 and 22 Ridgeview Lane, that Black therefore did not have title when the lots were conveyed to defendant, and that defendant had been both actually and constructively ousted from the lots.

We are constrained to reverse, finding that summary judgment was premature, as no eviction has yet occurred. The 2008 decision that the reformation claim was barred by the statute of limitations claim required the deed to be returned to the original language that gave rise to plaintiff's action to quiet title and defendant's third-party breach of warranty claims, but that decision did not resolve those claims or otherwise address their merits.[3] Further, plaintiff has not moved for summary judgment on its claim to quiet title to 21 and 22 Ridgeview Lane. Thus, it cannot be said that defendant has lost possession of the lots by process of law (*see Shortt v Chandler*, 135 AD2d at 933). Nor is there any evidence in the record that defendant has yielded possession to a paramount title (*see id.*); as the record does not indicate that defendant has ever possessed the lots,[4] he cannot be found to have "surrendered or abandoned possession" (*Salesian Socy. v Village of Ellenville*, 121 AD2d 823, 826 [1986]). Thus, no actual or constructive eviction has taken place. Although we agree that the practical effect of the 2008 decision is to render defendant's ultimate success on his third-party quiet title claim almost inevitable, summary judgment on that claim is nonetheless premature.

We find no merit in Black's alternative claim that defendant's claim for breach of warranty of title is barred by the parties' 2002 escrow agreement. To the extent that defendant's remedies in the parties' transactions are limited by this document, which has previously been examined by this Court and found to be unambiguous (*see Ermiger v Black*, 36 AD3d at 1054), a handwritten addendum clarifies that the limitations are addressed to a different transaction.

Peters, J.P., Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the order is reversed, on the law, and motion denied.

---

**3.** On the contrary, a footnote in the 2008 decision indicated that the quiet title action remained unresolved, as "the doctrine of judicial estoppel would potentially preclude plaintiff from prevailing on the merits" (50 AD3d at 1200 n 2).

**4.** The 2008 decision was premised in significant part on a determination that the evidence that either defendant or Black physically possessed the lots was insufficient to toll the statute of limitations (50 AD3d at 1200-1201).