Peters, P.J.
Appeal from an order of the Supreme Court (Krogmann, J.), entered March 20, 2014 in Warren County, which, among other things, granted defendant’s motion for partial summary judgment.
This appeal is the latest in an extensive history of litigation surrounding the Green Harbour subdivision and other related real property interests in the Town of Lake George, Warren County (see Green Harbour Homeowners’ Assn., Inc. v Chicago Tit. Ins. Co., 74 AD3d 1655 [2010], lv denied 15 NY3d 712 [2010]; 72 AD3d 1186 [2010]; 67 AD3d 1116 [2009]; 50 AD3d 1199 [2008]; Black v Green Harbour Homeowners’ Assn., Inc., 37 AD3d 1013 [2007]; Black v Green Harbour Homeowners’ Assn., Inc., 19 AD3d 962 [2005]; Green Harbour Homeowners’ Assn., Inc. v G.H. Dev. & Constr., Inc., 14 AD3d 963 [2005]; Matter of Green Harbour Homeowners’ Assn. v Town of Lake George Planning Bd., 1 AD3d 744 [2003]; Green Harbour Homeowners’ Assn. v G.H. Dev. & Constr., 307 AD2d 465 [2003], lv dismissed 100 NY2d 640 [2003]). Although the facts of the instant controversy are fully set forth in our prior decisions in this action, they bear briefly repeating here. In 1994, Gene Black and third-party defendant Green Harbour-Cooper Point Acres (hereinafter collectively referred to as Black)[1] executed a deed conveying to plaintiff several parcels of real property constituting the common areas of phase three of the Green Harbour subdivision, but excepting and reserving specific lots and townhouse properties to Black. Although the parties allegedly intended to list 40 lots as excepted from the conveyance, two of the lots — 21 and 22 Ridgeview Lane — were not included in the list of excepted lots. Black subsequently sold 33 of the excepted lots and, in 2002, executed a deed that purported to convey the remaining seven lots, including 21 and 22 Ridgeview Lane, to defendant.
Plaintiff commenced this action against defendant in June 2006 seeking, among other things, to quiet title to 21 and 22 Ridgeview Lane, as well as injunctive relief with regard to sev *1143 eral of the remaining five lots conveyed to him in the 2002 deed. In 2007, Supreme Court granted defendant partial summary judgment on his counterclaim for reformation of the 1994 deed to except 21 and 22 Ridgeview Lane from the conveyance. Upon appeal, we reversed that determination on the ground that the counterclaim was barred by the applicable statute of limitations (50 AD3d at 1200-1201). Defendant thereafter successfully moved for partial summary judgment on his third-party claim against Black for breach of warranty of title, but this Court again reversed, finding that summary judgment was premature inasmuch as defendant had yet to establish that he had yielded possession to a paramount title in the subject lots or lost possession of the lots by process of law (72 AD3d at 1188). In both such appeals, we noted that “the doctrine of judicial estoppel would potentially preclude plaintiff from prevailing on the merits” of its claims (id. at 1188 n 3; 50 AD3d at 1200 n 2).
Most recently, defendant moved for partial summary judgment seeking a declaration that plaintiff is both equitably and judicially estopped from contesting his ownership in the seven lots he allegedly acquired by the 2002 deed, that he has the right to construct four townhouses in such locations as may be approved by the Town Planning Board and that he holds good title to the real property presently occupied by a townhouse unit on lot 20 Lookout Mountain Road. Supreme Court granted the motion, and plaintiff appeals.
First addressing plaintiffs procedural contentions, we are unpersuaded that Supreme Court erred by entertaining a second summary judgment motion by defendant. “While it is true that multiple motions for summary judgment in the same action generally are looked upon with disfavor, more than one motion is permissible where the subsequent motion is based upon newly discovered evidence or the moving party can demonstrate other sufficient cause for granting the motion” (Inter-Power of N.Y. v Niagara Mohawk Power Corp., 259 AD2d 932, 933 [1999], lv denied 93 NY2d 812 [1999] [citation omitted]; see Foster v Kelly, 119 AD3d 1250, 1251 [2014]; Giardina v Lippes, 77 AD3d 1290, 1291 [2010], lv denied 16 NY3d 702 [2011]; Tuttle v McQuesten Co., 243 AD2d 930, 931 [1997]). Here, defendant’s second summary judgment motion against plaintiff was made after the completion of discovery and within the time limits of CPLR 3212 (a), and it turned upon a legal issue not previously decided. In light of these circumstances, we find that Supreme Court acted within its broad discretion in considering the motion (see Miles A. Kletter, D.M.D. & Andrew *1144 S. Levine, D.D.S., P.C. v Fleming, 32 AD3d 566, 567 [2006]; Matter of Mega Personal Lines, Inc. v Halton, 9 AD3d 553, 554-555 [2004]; W. Joseph McPhillips, Inc. v Ellis, 8 AD3d 782, 783 [2004]).
Nor did Supreme Court err in entertaining the defense of judicial estoppel. The waiver that resulted from defendant’s failure to raise the defense in his answer or a pre-answer motion to dismiss (see CPLR 3018 [b]) was retracted by the assertion of the unpleaded defense in his motion for partial summary judgment (see Lewiarz v Travco Ins. Co., 82 AD3d 1464, 1465-1466 [2011]; Matter of Valentino v County of Tompkins, 45 AD3d 1235, 1237 [2007]; Lerwick v Kelsey, 24 AD3d 918, 919 [2005], lv denied 6 NY3d 710 [2006]; Allen v Matthews, 266 AD2d 782, 784 [1999]). Inasmuch as plaintiff fully opposed the issue in its responsive papers, and absent any surprise or cognizable prejudice resulting from the delay (see Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411 [2014]), defendant’s failure to plead the defense barred neither its consideration nor a grant of affirmative relief (see Rogoff v San Juan Racing Assn., 54 NY2d 883, 885 [1981]; Lerwick v Kelsey, 24 AD3d at 919; Sheils v County of Fulton, 14 AD3d 919, 921 [2005], lv denied 4 NY3d 711 [2005]).
Turning to the merits, we agree with Supreme Court that plaintiff is judicially estopped from contesting defendant’s ownership in the seven lots he purportedly acquired by way of the 2002 deed. Under the doctrine of judicial estoppel, or estoppel against inconsistent positions, “if a party assumes a position in one legal proceeding and prevails in maintaining that position, that party will not be permitted to assume a contrary position in another proceeding simply because the party’s interests have changed” (Kilcer v Niagara Mohawk Power Corp., 86 AD3d 682, 683 [2011]; see Barker v Amorini, 121 AD3d 823, 824 [2014]; Mikkelson v Kessler, 50 AD3d 1443, 1444 [2008]; Maas v Cornell Univ., 253 AD2d 1, 5 [1999], affd 94 NY2d 87 [1999]). “The doctrine rests upon the principle that a litigant should not be permitted ... to lead a court to find a fact one way and then contend in another judicial proceeding that the same fact should be found otherwise” (Mikkelson v Kessler, 50 AD3d at 1444 [internal quotation marks and citation omitted]; see Kilcer v Niagara Mohawk Power Corp., 86 AD3d at 683; Environmental Concern v Larchwood Constr. Corp., 101 AD2d 591, 593 [1984]).
In the course of the prior litigation between the parties, plaintiff repeatedly represented to Supreme Court that defendant was the owner of the seven lots at issue. Both in its *1145 amended complaint in the 2002 action and during the ensuing bench trial held thereon, plaintiff alleged that, by virtue of his ownership of seven lots in the subdivision, defendant had become a successor sponsor under the terms of the Green Harbour offering plan, subject to the duties and responsibilities associated with that status. Based on this factual assertion regarding the ownership of the subject lots, plaintiff was granted two favorable judgments resulting in monetary contributions from defendant towards its fee title insurance policy and a vehicular easement over defendant’s property for the purpose of allowing its members to gain access to their docks. Plaintiff successfully maintained this same stance on appeal to this Court (see Green Harbour Homeowners’ Assn., Inc. v G.H. Dev. & Constr., Inc., 14 AD3d 963, 965-966 [2005], supra). Having assumed that position, plaintiff may not now take a contrary one — namely, that defendant only took title to two of the lots at issue — merely because its interests have now changed (see Kilcer v Niagara Mohawk Power Corp., 86 AD3d at 683; Clifton Country Rd. Assoc. v Vinciguerra, 252 AD2d 792, 793-794 [1998]).
Plaintiff does not dispute that it asserted defendant’s ownership of the seven lots in its 2002 amended complaint and on appeal before this Court, but instead maintains that it did so under the mistaken belief that defendant was the rightful owner. While some federal courts have held that judicial estoppel may not apply when the position initially advanced was the result of a good faith mistake or unintentional error (see Mitchell v Washingtonville Cent. School Dist., 190 F3d 1, 6 n 2 [2d Cir 1999]; Ryan Operations G.P. v Santiam-Midwest Lbr. Co., 81 F3d 355, 362 [3d Cir 1996]),[2] we are not persuaded that plaintiffs prior position in the 2002 action can be regarded as a product of inadvertence or mistake. Defendant submitted unrefuted evidence in support of the motion establishing that, by early 2003 at the latest, plaintiff was aware of the information that led it to take the contrary position it now maintains with regard to defendant’s ownership of the subject lots. Yet, rather than discontinuing the action as against defendant or otherwise altering its course, plaintiff chose to push forward with the litigation and succeeded in recovering favorable judgments against defendant solely on the basis of his asserted ownership of the seven lots. “If th[at] [fact] was incorrect, then *1146 it was incumbent upon plaintiff ... to correct [it], or else be bound by it in subsequent legal proceedings” (Becerril v City of N.Y. Dept. of Health & Mental Hygiene, 110 AD3d 517, 520 [2013], lv denied 23 NY3d 905 [2014]).
For these reasons, plaintiff is judicially estopped from challenging defendant’s ownership in the seven lots at issue. The parties’ remaining contentions have been rendered academic by our decision.
Lahtinen, Rose and Devine, JJ., concur. Ordered that the order is affirmed, with costs.

. The Estate of Gene Black was substituted as a third-party defendant following Black’s death (72 AD3d at 1186 n 1).

. The United States Supreme Court has left open the question of whether application of the doctrine of judicial estoppel may be resisted on the basis that a party’s prior position was based on inadvertence or mistake (see New Hampshire v Maine, 532 US 742, 753 [2001]).