◼ WELLS FARGO BANK, N.A., Respondent, v MOHAMMED CISSE, Appellant, et al., Defendants. [40 NYS3d 778]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered September 21, 2015, which denied defendant-appellant's motion to strike an affirmation submitted with plaintiff's motion for an order of reference, unanimously affirmed, without costs.

The court properly denied defendant's motion to strike, as he was in default at the time his motion was made and, regardless, the motion was purely academic and lacking in merit. The attorney affirmation defendant attacks was submitted with plaintiff's first motion for an order of reference, which the court had already denied at the time defendant made his motion to strike. Thus, any purported deficiency with the affirmation resulted in no prejudice to defendant and should not be reversed on this basis.

Regardless, defendant can point to no deficiency that would compel reversal of the court's order in any event. Defendant's argument that the affirmation should have been stricken because its author had no personal knowledge of the facts

contained within it is unavailing (*Marine Midland Bank v Embassy E.*, 160 AD2d 420, 421 [1st Dept 1990]). The affirmation was based on counsel's communications with a bank representative, who had personally reviewed plaintiff's books and records and confirmed the factual accuracy of the complaint's allegations, and who himself had submitted an affidavit in support of plaintiff's motion. There is no basis for reversing the court's order.

We have considered defendant's remaining contentions and find them unavailing. Concur—Acosta, J.P., Renwick, Moskowitz, Feinman and Kahn, JJ.