Wells Fargo Bank, N.A. v Cisse (2016 NY Slip Op 07764)





Wells Fargo Bank, N.A. v Cisse


2016 NY Slip Op 07764


Decided on November 17, 2016


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 17, 2016

Acosta, J.P., Renwick, Moskowitz, Feinman, Kahn, JJ.


2241N 382162/09

[*1] Wells Fargo Bank, N.A., Plaintiff-Respondent,
v
Mohammed Cisse, Defendant-Appellant, Bronx Supreme Court, et al., Defendants.


Mohammed Cisse, appellant pro se.
Reed Smith LLP, New York (Andrew B. Messite of counsel), for respondent.



Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered September 21, 2015, which denied defendant-appellant's motion to strike an affirmation submitted with plaintiff's motion for an order of reference, unanimously affirmed, without costs.
The court properly denied defendant's motion to strike, as he was in default at the time his motion was made and, regardless, the motion was purely academic and lacking in merit. The attorney affirmation defendant attacks was submitted with plaintiff's first motion for an order of reference, which the court had already denied at the time defendant made his motion to strike. Thus, any purported deficiency with the affirmation resulted in no prejudice to defendant and should not be reversed on this basis.
Regardless, defendant can point to no deficiency that would compel reversal of the court's order in any event. Defendant's argument that the affirmation should have been stricken because its author had no personal knowledge of the facts contained within it is unavailing (Marine Midland Bank, N.A. v Embassy E. , 160 AD2d 420, 421 [1st Dept 1990]). The affirmation was based on counsel's communications with a bank representative, who had personally reviewed plaintiff's books and records and confirmed the factual accuracy of the complaint's allegations, and who himself had submitted an affidavit in support of plaintiff's motion. There is no basis for reversing the court's order.
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 17, 2016
CLERK