Trimble v City of Albany (2019 NY Slip Op 01467)





Trimble v City of Albany


2019 NY Slip Op 01467


Decided on February 28, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 28, 2019

526598

[*1]JOHN TRIMBLE et al., Respondents,
v
CITY OF ALBANY et al., Appellants.

Calendar Date: January 7, 2019

Before: Lynch, J.P., Aarons, Rumsey and Pritzker, JJ.


Napierski, Vandenburgh, Napierski & O'Connor, LLP, Albany (Thomas J. O'Connor of counsel), for appellants.
Bixby, Crable & Stiglmeier, PLLC, Albany (Robert Hardwick Bixby of counsel), for respondents.



MEMORANDUM AND ORDER
Lynch, J.P.
Appeal from an order of the Supreme Court (Connolly, J.), entered April 16, 2018 in Albany County, which denied defendants' motion for summary judgment dismissing the complaint.
As set forth in our previous decision (144 AD3d 1484 [2016]), this action arises out of a fire on the evening of February 2, 2013 at plaintiffs' home in the City of Albany. Several hours after defendant Department of Fire and Emergency Services of the City of Albany (hereinafter the Department) completed efforts to extinguish the fire and left the scene, the fire rekindled and the house was destroyed. Plaintiffs commenced this negligence action seeking to recover damages for the loss. After converting defendants' motion to dismiss to a motion for summary judgment, specifically to allow evidentiary submissions as to whether defendants were entitled to governmental immunity, Supreme Court granted the motion and dismissed the complaint. This Court reversed, finding issues of fact as to whether a special relationship existed between the parties and that defendants had not established a governmental immunity defense (id. at 1487-1488). After issue was joined and further discovery completed, including the deposition of the Department's Battalion Chief, William Moore, defendants again moved for summary judgment. Supreme Court denied the motion, concluding that defendants failed to present newly discovered evidence or other sufficient cause necessary to consider their successive motion. Defendants appeal.
We affirm. Generally, a court should not entertain a successive motion for summary judgment unless the "motion is based upon newly discovered evidence or the moving party can demonstrate other sufficient cause for granting the motion" (Green Harbour Homeowners Assn., Inc. v Ermiger, 128 AD3d 1142, 1143 [2015] [internal quotation marks and citation omitted]). Stated otherwise, "successive motions for summary judgment based upon facts which could have been set forth from the outset are not encouraged" (Wenger v Goodell, 288 AD2d 815, 816 [2001], lv denied 98 NY2d 605 [2002]).
Defendants' second motion was directed at the issue of governmental immunity. In our previous decision, we pointed out that the Department's investigation determined that the fire rekindled underneath a window well where firewood and damaged furniture were located. The investigative report explained that the remains of the furniture and firewood "caught fire from the previous fire" due to undetected embers. Moore initially averred that he checked the building exterior, but made no mention of the failure to remove the firewood and furniture away from the premises before leaving the scene. From that limited explanation, we were unable to determine whether a conscious decision had been made not to remove this material as would be necessary to establish a basis for governmental immunity. As the source of the second fire had been expressly identified from the outset, Moore had every opportunity to answer that question on the initial motion. As such, we cannot say that Supreme Court abused its broad discretion in denying defendants' motion even though Moore has now explained his decision not to remove the items in his ensuing deposition and affidavit. In context, Moore's further, more specific but subjective explanation raises a credibility issue for resolution at trial.
Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the order is affirmed, with costs.